# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **MARVIS FARRIS,** | : | |
| 4870 Donald Ave. | : | Case No.: 1:19-cv-2599 |
| Richmond Heights, OH 44143 | : | |
| | : | JUDGE SARAH LIOI |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **ALLIANCE HEALTH CARE** | : | |
| **BRAEVIEW, INC., d/b/a BraeView** | : | |
| **Care & Rehabilitation Center,** | : | **Jury Demand Endorsed Hereon** |
| c/o Registered Agent: | : | |
| Dodd, L'Hommedieu & McGrievy, LLC | : | |
| 50 E. Washington St. | : | |
| Chagrin Falls, OH 44022 | : | |
| | : | |
| and | : | |
| | : | |
| **PROVIDENCE HEALTHCARE** | : | |
| **MANAGEMENT, INC.,** | : | |
| c/o Registered Agent: | : | |
| Eli Gunzburg | : | |
| 29225 Chagrin Blvd., Suite 230 | : | |
| Cleveland, OH 44122 | : | |
| | : | |
| and | : | |
| | : | |
| **ELI GUNZBURG,** | : | |
| 29225 Chagrin Blvd., Suite 230 | : | |
| Cleveland, OH 44122 | : | |
| | : | |
| Defendants. | : | |

# AMENDED COMPLAINT

NOW COMES Plaintiff Marvis Farris ("Plaintiff") and proffers this Complaint for damages against Defendant Alliance Health Care Braeview, Inc. d/b/a BraeView Care & Rehabilitation Center, Defendant Providence Healthcare Management, Inc., and Defendant Eli Gunzburg ("Defendants").

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. Chapter 4111 *et seq.*, and the Ohio Prompt Pay Act.

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e), which provide for original jurisdiction of Plaintiff's claims arising under the laws of the United States and over actions to secure equitable and other relief.

3. This Court has jurisdiction over Plaintiff's claims under the statutory law of Ohio pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

4. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Plaintiff entered into an employment relationship with Defendants in Cuyahoga County in the Eastern Division of the Northern District of Ohio and performed her job duties there, and Defendants are doing and have done substantial business in the Northern District of Ohio.

## THE PARTIES

5. Plaintiff Marvis Farris is an individual, a United States citizen, and a resident of Cuyahoga County, Ohio.

6. At all times relevant herein, Plaintiff was an "employee" of Defendants' as that term is defined by the FLSA and OMFWSA.

7. Defendant Alliance Health Care Braeview, Inc. is a corporation registered to do business in Ohio.

8. Upon information and belief, Defendant Alliance Health Care Braeview, Inc. operated a skilled nursing and retirement facility known as BraeView Care & Rehabilitation Center, located at 20611 Euclid Ave, Euclid, Ohio 44117 in Cuyahoga County.

9. Defendant Providence Healthcare Management, Inc. is a corporation registered to do business in Ohio.

10. Upon information and belief, Defendant Eli Gunzburg is an individual and a resident of Cuyahoga County, Ohio.

11. Upon information and belief, Defendant Gunzburg has an ownership interest in Defendant Alliance Health Care Braeview, Inc. and Defendant Providence Healthcare Management, Inc.

12. At all times relevant herein, Defendants were "joint employers" of Plaintiff as that term is defined by the FLSA and R.C., Chapter 4111.

13. Upon information and belief, Defendant Providence Healthcare Management, Inc.—along with Alliance Health Care Braeview, Inc.—participated in the hiring and firing of its employees; supervised and controlled the employees' work schedule and/or conditions of employment; determined the employees' rate and method of payment; and maintained the employees' employment records.

14. At all times relevant herein, Defendants have been engaged in interstate commerce or in the production of goods for commerce, and/or the business activities of Defendants' constituted an enterprise engaged in interstate commerce within the meaning of the FLSA, and/or Defendants have had an annual dollar volume of sales or business of at least $500,000.

15. Upon information and belief, at all times relevant herein, Defendants were fully aware of the fact that they was legally required to comply with the wage and hour laws of the United States and of the State of Ohio.

**FACTUAL BACKGROUND**

16. Plaintiff was employed by Defendants between July 13, 2016 and July 20, 2018.

3

17. During her employment, Plaintiff worked in the position of Minimum Data Set ("MDS") Nurse Coordinator.

18. At all times throughout her employment, Plaintiff worked an average of 55 hours per week.

19. From the inception of her employment until on or around July 15, 2018, Defendants misclassified Plaintiff as a salary exempt employee.

20. Accordingly, prior to July 15, 2018, Defendants failed to pay Plaintiff one and one-half time her regular rate of pay for all hours worked per workweek in excess of 40.

21. Plaintiff is a Licensed Practical Nurse.

22. Plaintiff's primary job duty was assisting in the completion of assessments for Defendants' new patients. Specifically, Plaintiff was responsible for gathering medical information from patients' medical providers and using that, in conjunction with standardized manuals, to complete part of the patients' assessment, known as the Minimum Data Set (MDS).

23. Plaintiff's primary duties did not include the exercise of discretion and independent judgment.

24. Plaintiff's position did not involve supervising or directing the work of any other employees.

25. In or around early July 2019, Plaintiff complained to Defendants regarding Defendants' pay practices. Plaintiff explained that she was not being paid properly according to the wage and hour laws.

26. Approximately two weeks later, on or around July 15, 2019, Defendants informed Plaintiff that she would be switched to an hourly-paid employee.

4

27. Throughout her employment, Plaintiff was not exempt from the overtime mandates of the FLSA and OMFWSA.

28. Defendants failed to compensate Plaintiff in accordance with the FLSA and OMFWSA prior to July 15, 2019.

## COUNT I
### FLSA 29 U.S.C. § 201, *et seq.* – Failure to Pay Overtime

29. All of the preceding paragraphs are realleged as if fully rewritten herein.

30. Plaintiff was an employee of Defendants' within the previous three years of the filing of this Complaint.

31. Plaintiff was not exempt from the overtime provisions of the FLSA.

32. Defendants misclassified Plaintiff as a salary exempt employee and failed to pay Plaintiff an overtime premium for all hours worked in excess of 40 per workweek.

33. Defendants were aware that Plaintiff worked more than 40 hours per workweek but did not receive overtime compensation at a rate of one and one-half times her regular rate of pay for hours worked in excess of 40 per workweek.

34. Defendants knew or should have known of the overtime payment requirement of the FLSA and that Plaintiff was a non-exempt employee entitled to overtime compensation for all hours worked in excess of 40 per workweek.

35. Defendants' refusal to properly compensate Plaintiff as required by the FLSA was willful.

36. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages.

## COUNT II
### R.C. 4111.03 – Failure to Pay Overtime

37. All of the preceding paragraphs are realleged as if fully rewritten herein.

38. Defendants violated the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code, Section 4111.03 by misclassifying Plaintiff as a salary exempt employee and failing to compensate Plaintiff at a rate of one and one-half her regular rate of pay for all hours worked in excess of 40 in each workweek.

39. Defendants' knowing failure to pay Plaintiff overtime wages for hours worked in excess of 40 per workweek is a violation of Section 4111.03 of the Ohio Revised Code.

40. For Defendants' violations of R.C. 4111.03, Plaintiff is entitled to recover unpaid wages, an additional two times the amount of the unpaid wages, attorneys' fees and costs, and all other remedies available under Ohio law.

## COUNT III
### R.C. 4113.15 – Failure to Tender Pay by Regular Payday

41. All of the preceding paragraphs are realleged as if fully rewritten herein.

42. Plaintiff asserts this claim under R.C. 4113.15, which requires Defendants to compensate their employees within thirty (30) days of the performance of compensable work.

43. Defendants failed to make proper wage payments to Plaintiff for all hours worked.

44. By failing to make the wage payments within 30 days of when such payments were due, Defendants have violated R.C. 4113.15.

45. As a result, in addition to the amount owed to Plaintiff, Defendants are liable to Plaintiff for an amount equal to six percent of Plaintiff's claim still unpaid or two hundred dollars per paid period, whichever is greater.

6

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff is entitled to and prays for the following relief:

A. A declaratory judgment that Defendants' practices complained of herein are unlawful under the FLSA and the OMFWSA;

B. An injunction against Defendants preventing them from engaging in each of the unlawful practices, policies, and patters set forth herein;

C. An award of unpaid wages due under the FLSA, OMFWSA, and R.C. § 4113.15;

D. An award of liquidated damages and/or treble damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216 and R.C., Chapter 4111;

E. An award of an additional six percent of Plaintiff's unpaid wages, or two hundred dollars per pay period in which Defendants failed to properly compensate Plaintiff, whichever is greater, pursuant to R.C. 4113.15;

F. An award of prejudgment and post judgment interest;

G. An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees;

H. Such other legal and equitable relief as this Court deems appropriate.

Respectfully submitted,

*/s/Greg Mansell*
Greg R. Mansell (0085197)
(*Greg@MansellLawLLC.com*)
Carrie J. Dyer (0090539)
(*Carrie@MansellLawLLC.com*)
**Mansell Law, LLC**
1457 S. High St.
Columbus, Ohio 43207
Ph: (614) 610-4134
Fax: (614) 547-3614
*Counsel for Plaintiff*

## **JURY DEMAND**

Plaintiff hereby requests a jury of at least eight (8) persons.

*/s/Greg R. Mansell*_____
Greg R. Mansell (0085197)

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 17, 2021, a copy of the foregoing Amended Complaint was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's ECF system.

s/ *Carrie J. Dyer*_____
Carrie J. Dyer (0090539)